**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**SIGAMADI KOITA, A#96-448-722,**

        Petitioner,

v.                                                          2:05CV239

**MARY LOISELLE, Field Office Director**
**for Detention and Removal Operations,**
**Immigration and Customs Enforcement (ICE),**

        Respondent.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

#### I. STATEMENT OF THE CASE

#### A. Background

Petitioner is a native and citizen of Mali, who was admitted to the United States with a visitor's visa on May 14, 1998. On January 19, 2004, petitioner was taken into custody by ICE and has been in custody since that date. On June 2, 2004, he was ordered removed from the United States by an Immigration Judge. Petitioner waived his right to appeal, thereby making the Judge's decision final.

On April 21, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on June 22, 2005, respondent filed a motion to dismiss. This matter is now ripe for consideration.

### **B. Issue**

The sole issue petitioner raises is the length of his detention by ICE.

### **II. FINDINGS OF FACT AND CONCLUSIONS OF LAW**

#### **A. Petitioner Claims are Moot**

Petitioner was still in custody when he filed the instant petition. Subsequently, ICE reviewed petitioners' case and concluded that petitioner could be released from custody, pending his removal from the United States. On June 10, 2005, ICE issued a Release Notification to petitioner, advising him that the his release does not affect his removal order and setting forth the conditions of his release. (Resp. Mot. to Dismiss, Ex. 1.) On June 15, 2005, petitioner acknowledged his conditions of release under the Order of Supervision issued by ICE. (Resp. Mot. to Dismiss, Ex. 2.)

Petitioner contests only the length of his detention, not the legality of either his violation of immigration laws or the removal order. Therefore, since petitioner is no longer in custody, the issues presented in his petition "are no longer live," and petitioner lacks a "legally cognizable interest in the outcome." U.S. Parole Comm'n v. Garraghty, 445 U.S. 388, 396 (1980). Any opinion regarding petitioner's challenge to his detention "would be purely advisory." Al Najjar v. Ashcroft, 273 F.3d 1330, 1339 (11th Cir. 2001)(citation omitted). Therefore, because no live case or controversy exists following petitioner's deportation, petitioner's claim is MOOT, and the petition should be DISMISSED.

### III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b).  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. See Thomas v. Arn, 474 U.S. 140

(1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                /s/
                            James E. Bradberry
                            United States Magistrate Judge

Norfolk, Virginia

   July 7, 2005   

4

<u>Clerk's Mailing Certificate</u>

A copy of the foregoing Report was mailed this date to each of the following:

    Sigamadi Koita
    Hampton Roads Regional Jail
    P.O. Box 7609
    Portsmouth, VA  23707-7609

    Sigamadi Koita
    c/o DHS/ICE DRO
    1600 Callowhill St.
    Philadelphia, PA 19130


    Mark A. Exley, Esq.
    Assistant United States Attorney
    United States Attorney's Office
    101 West Main Street, Suite 8000
    Norfolk, VA 23510


                                      Elizabeth H. Paret, Clerk


                                      By _____
                                                 Deputy Clerk

                                      _____, 2005